IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                              CIV 02-1093 JP/KBM
                                                 CR 99-1112 JP

MALAQUIAS CRUZ,

    Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the court on Defendant's petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Doc. 1*. Apparently with the assistant of an inmate advisor, Cruz submitted a detailed brief setting forth his position. *Doc. 2*. The United States likewise filed a detailed response. *Doc. 7*.

The issues are straightforward and the briefs submitted by both parties are well-written, researched and documented. I will not reiterate in detail what the parties have presented and instead will confine my remarks to set forth my reasoning. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that movant is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g., § 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000). Having considered the arguments, pleadings, and relevant law, and for the reasons set forth in the United States' response, I find the motion is not well-taken and recommend that it be denied.

Defendant claims his attorney was ineffective by not presenting sufficient evidence to establish that his role in the offense was "minor." However, as set forth in the relevant portions of the presentence report, on two occasions undercover agents contacted Cruz. He agreed to sell the agents cocaine base and did so. Cruz therefore both negotiated and carried out both transactions. Facing a mandatory minimum of 120 months, Cruz's attorney successfully negotiated a "safety valve" plea that placed him in the 87 to 108 month incarceration range. His attorney also objected to the presentence report, contending that Cruz was further eligible for a reduction based on his alleged "minor" role in the criminal activity and arguing that Cruz was the "low man" on the conspiracy totem pole. *Transcript* at 3-4. Cruz alleges that he was merely the driver under the direction of others who conspired to sell drugs.

Chief District Judge James A. Parker entertained the objection but rejected the argument relying especially on the uncontested conduct related by the presentence report in paragraphs 6, 7 and 8. Nevertheless, he sentenced Cruz to the lowest end of the applicable range – 87 months. I agree with the government that Cruz cannot establish that counsel was ineffective under *Strickland v. Washington,* 466 U.S. 668 (1984) because Cruz' conduct does not qualify as "minor" participation in the crime.

Moreover, the sentence received by Cruz falls at the upper end of the guideline sentencing range (70 - 87 months) if he had qualified for a two-level reduction as a minor participant. *See Doc. 7* at 10. Thus, in addition to not establishing the first requisite showing under *Strickland,* Cruz also fails to establish prejudice.

Finally, Defendant argues that he was not informed of his rights under the Vienna Convention. However, the weight of authority holds that the Convention does not create any rights enforceable by individual foreign detainees. Rather it establishes rights enforceable by

sovereign states.  *See Doc. 7* at 11-13 (and authorities cited therein).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition be denied and this action dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE